**Bobby KISER, Plaintiff,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 81–0262–B.

United States District Court,
W. D. Virginia,
Big Stone Gap Division.

June 4, 1982.

Donald E. Earls, Norton, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health and Human Services declining to waive recovery of overpayment of benefits

made to plaintiff pursuant to an earlier award of supplemental security income benefits under Title XVI of the Social Security Act, as amended. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is "substantial evidence" to support the Secretary's conclusion that plaintiff was not without fault in accepting the overpayment of benefits. If such "substantial evidence" exists, the final decision of the Secretary must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). Stated briefly, "substantial evidence" has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. *Richardson v. Perales*, 402 U.S. 389, 400, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971).

The plaintiff, Bobby Kiser, was originally awarded supplemental security income benefits commencing in March of 1974. In 1979, Mr. Kiser was awarded "black lung" benefits under the Federal Coal Mine Health and Safety Act. In September of that year, he received a check for past due "black lung" benefits of approximately $22,000.00. Thereafter, he continued to receive a monthly "black lung" benefit check. It is undisputed that by virtue of his receipt of "black lung" benefits, Mr. Kiser was no longer eligible for supplemental security income benefits. Nevertheless, he continued to receive supplemental security income checks through March of 1980. On March 3, 1980, the Social Security Administration notified Mr. Kiser that he was no longer eligible to receive supplemental security income benefits. In a subsequent notice dated March 10, 1980, he was notified that the supplemental security income benefits he had received since September of 1979 constituted an overpayment in the amount of $1,405.35. On July 10, 1980, Mr. Kiser was notified that the Social Security Administration had determined that he was not without fault in causing the overpayment and that the Administration intended to recover the amount of $1,405.35.

Plaintiff appealed the initial administrative determination and the case eventually reached an Administrative Law Judge for a *de novo* hearing and review. In an opinion which now stands as the final decision of the Secretary, an Administrative Law Judge decided on June 10, 1981, that Mr. Kiser was not without fault in accepting the overpayment of benefits and that the recovery of such benefits could not be waived. Plaintiff has appealed such decision to this court.

Under 42 U.S.C. § 1383(b)(1), it is provided as follows:

Whenever the Secretary finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall, subject to the succeeding provisions of this subsection, be made by appropriate adjustments in future payments to such individual or by recovery from or payment to such individual or his eligible spouse (or by recovery from the estate of either). The Secretary shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was without fault in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this subchapter, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this subchapter.

As to the assessment of the relative "fault" of an individual in causing the continued receipt of SSI benefits to which he is no longer entitled, 20 C.F.R. § 416.552 provides as follows:

"Without fault" relates only to the situation of the individual seeking relief from adjustment or recovery of an overpayment. The overpaid individual (and any other individual from whom the Social Security Administration seeks to recover the overpayment) is not relieved of liabil-

ity and is not "without fault" solely because the Social Security Administration may have been at fault in making the overpayment. In determining whether an individual is without fault, the "fault" of the overpaid person and the "fault" of the individual seeking relief under the waiver provision are considered. Whether an individual is "without fault" depends on all the pertinent circumstances surrounding the overpayment in the particular case. The Social Security Administration considers the individual's understanding of the reporting requirements, the agreement to report events affecting payments, knowledge of the occurrence of events that should have been reported, efforts to comply with the reporting requirements, opportunities to comply with the reporting requirements, understanding of the obligation to return checks which were not due, and ability to comply with the reporting requirements (e.g., age, comprehension, memory, physical and mental condition). Although the finding depends on all of the circumstances in the particular case, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from one of the following:

(a) Failure to furnish information which the individual knew or should have known was material;

(b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or

(c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

■ After a review of the record in this case, the court is constrained to conclude that the Secretary's final decision is supported by "substantial evidence." Stated succinctly, the court finds ample evidence upon which the Secretary might reasonably infer that plaintiff understood that his

"black lung" award constituted a relevant change in financial circumstances which affected his SSI eligibility, and that plaintiff was aware of the necessity of reporting such change of circumstance to the Social Security Administration.

The record reveals that in several of the years subsequent to 1974, Mr. Kiser completed SSI continuing eligibility forms designed to reflect changes in financial circumstances. In these forms, plaintiff also agreed to immediately notify the Social Security Administration upon any significant change in his regular income and resources. (TR 75). At the time of the administrative hearing, Mr. Kiser testified that he did in fact notify the Social Security Administration when he received his "black lung" back award. (TR 45). On that occasion, he also consulted with his attorney who advised him to place his SSI checks in a savings account until such time as he was notified as to what to do with the money. (TR 40). However, it would seem that plaintiff did not file a written notice with the Social Security Administration until March 17, 1980 when he filed his SSI continuing eligibility form for that year. This was fifteen days after he received his initial SSI termination notice. At the hearing, Mr. Kiser stated that he knew that he could not receive SSI benefits if he was also receiving black lung disability benefits. (TR 45–46). Plaintiff testified that he spent the money in his SSI savings account even after he was notified that the checks received subsequent to his "black lung" award constituted an overpayment. (TR 47).

■ Given these circumstances, the court must find that the Secretary's determination of "not without fault" is consistent with the evidence of record. It may well be that the Secretary was also at fault in the prolonged continuation of checks for which plaintiff was not eligible. However, inasmuch as it cannot be said that plaintiff was totally without fault, the circumstance of joint responsibility is simply not relevant. *See* 42 U.S.C. § 1383(b)(1), as amended. Fi-

nally, the court notes that given the finding of "not without fault," it is unnecessary to determine whether recovery of the overpayment would be against equity or good conscience. Under the statute, such a determination is not relevant unless it can be found that the recipient of an overpayment is totally without fault. *See* 42 U.S.C. § 1383(b)(1), as amended. For these reasons, the court finds all facets of the Secretary's final decision to be supported by "substantial evidence."

The court has found "substantial evidence" supporting the final decision of the Secretary. Accordingly, the Secretary's final decision must be affirmed. *Laws v. Celebrezze, supra.* An appropriate judgment and order will be entered this day.